### SANFORD *v.* SANFORD.

*(Superior Court of New York City, General Term.*　December 10, 1891.)

DIVORCE—ADDITIONAL ALLOWANCE—REPEAL OF STATUTE.

　　Laws 1880, c. 245, § 3, providing, with respect to the operation of that chapter repealing 2 Rev. St. c. 8, tit. 1, § 59, which empowers the court, in an action for divorce, to make an order for an additional allowance to the wife for the support of children, that the repeal shall not impair any proceeding "in an action or special proceeding taken pursuant to law before this act takes effect," has no application to a case where, at the time of the repeal, no action for divorce had been commenced, and where, consequently, no right to such order had then accrued to the children.

Appeal from special term.

Action by Lizzie P. Sanford against Nathan H. Sanford for divorce. From an order granting an additional allowance for the support of children, defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and FREEDMAN and DUGRO, JJ.

*B. R. Champion,* for appellant. *A. Britton Havens,* for respondent.

PER CURIAM. In 1888 the plaintiff began this action for divorce *a vinculo*, and obtained judgment. The judgment provided that the defendant pay certain money for the support and education of children of the marriage. In 1891 the application below was made for an order that the defendant pay further money for the support of the children. It is admitted that the respondent was entitled to the order only if section 59, tit. 1, c. 8, pt. 2, Rev. St. (2d Ed.) marg. p. 148, is to be applied to the case. That section would permit the making of such an order after judgment. The section has been repealed by chapter 245, Laws 1880, with saving provisions; and it is argued that section 3 of the repealing act saves from the effect of repeal cases like the present. The first subdivision declares that the repeal does not render ineffectual or otherwise impair any proceeding in an action or special proceeding had or taken pursuant to law before this act takes effect. This action was begun in 1888. The actions of *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 463, and *Washburn* v. *Catlin*, 97 N. Y. 623, were begun before the repealing act of 1880. There was no intimation of the particular subdivision of section 3 that saved the proceedings, but the first subdivision was so clearly applicable that it is not to be decreed that there was any adjudication as to subdivision 2 that provides that the repeal "does not affect any other lawful act done, or right, defense, or limitation lawfully accrued or established, before this act takes effect." Neither the respondent nor the children had any right within the meaning of the section. The section means, not a general or political right, but something which may be enjoyed, and as to which facts exist which give a present right of enforcement. At the time of the repeal-

ing act the children were not entitled to the support they claimed under the application below. By presumption the defendant had fulfilled his duties, and there was no right of action against him.

The order should be reversed, and the motion below denied, with $10 costs.